UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
G.I. HOME DEVELOPING CORP.,

                                    Plaintiff,                     **ORDER**
                                                                      CV 07-4115 (DRH) (ARL)

    -against-

TOWN OF BROOKHAVEN, et al.,

                                    Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Presently before the court is the defendants' letter motion requesting that the initial conference scheduled for April 2, 2008 be adjourned pending determination of an anticipated motion to dismiss the complaint. Plaintiff consents to adjourn the conference, but requests that it be rescheduled within approximately thirty days so that the parties may proceed with discovery while the motion is pending.

      Plaintiff's request to defer the initial conference is, in effect, a request to stay discovery. The law is clear in this court that there is no automatic stay of discovery pending the determination of a motion to dismiss. See, e.g., Osan Limited v. Accenture LLP, CV 05-5048 (SJ)(MDG), 2006 WL 1662612, *1 (E.D.N.Y. June 13, 2006). Rather, Federal Rule of Civil Procedure 26(c) permits a district court to stay discovery during the pendency of a motion to dismiss for "good cause shown." Fed. R. Civ. P. 26(c); see also Port Dock and Stone Corp. v. Old Castle North East, Inc., No. CV 05-4294 (DRH), 2006 WL 897996 (E.D.N.Y. March 31, 2006); United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999). The party seeking a stay of discovery bears the burden of showing good cause. Osan, 2006 WL 1662612, at *1. The "good cause" requirement is not satisfied simply by filing a dispositive motion. Port Dock, 2006 WL 897966, at *1 ("It is, of course, black letter law that the mere filing of a motion to dismiss the complaint does not constitute "good cause" for the issuance of a discovery stay."). Rather, in deciding whether to grant a discovery stay, a court "must look to the particular circumstances and posture of each case." Osan, 2006 WL 1662612, at *1. In determining whether a stay of discovery is warranted, courts generally consider the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Port Dock, 2006 WL 897996, at *1. Consideration of "the nature and complexity of the action" and "whether some or all of the defendants have joined in the request for a stay" are also relevant to the analysis. Id.

      Here, the defendants have not addressed any of these factors nor have they filed their moving papers making it impossible for the court to assess whether there is good cause to

postpone discovery.  Accordingly, the initial conference is adjourned to **April 23, 2008 at 2:00 p.m.**

Dated: Central Islip, New York　　　　　　　**SO ORDERED:**
　　　　April 1, 2008　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　ARLENE R. LINDSAY
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge