UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
G.I. HOME DEVELOPING CORP.,                    **MEMORANDUM**
                                               **AND ORDER**
                    Plaintiff,                 07-CV-4115 (DRH)

    -v.-


JOHN WEIS, Chief Zoning Inspector of the
Building Division of the Town of Brookhaven,
ARTHUR GERHAUSER, Chief Building Inspector,
BUILDING DEPARTMENT of the Town of
Brookhaven, ZONING BOARD OF APPEALS of
the Town of Brookhaven, BRENDA A.
PRUSINOWSKI, Deputy Commissioner of the
Department of Planning, Environment and Land
Management of the Town of Brookhaven, THE
DEPARTMENT OF PLANNING, ENVIRN-
MENT & LAND MANAGEMENT of the Town
of Brookhaven, and THE TOWN OF BROOK-
HAVEN,

                    Defendants.
------------------------------------------------------X

**Appearances:**

**For the Plaintiff:**
**William D. Wexler, Esq.**
**Attorney at Law**
816 Deer Park Avenue
North Babylon, New York 11703

**Scheyer & Jellenik**
110 Lake Avenue South, Suite 46
Neconset, New York 11767

**For the Defendants:**
**Devitt Spellman Barrett, LLP**
50 Route 111
Smithtown, New York 11787
By: Jessica Klotz, Esq.

**HURLEY, District Judge:**

This civil rights action arises out of the alleged revocation of a Certificate of Zoning Compliance. Plaintiff G.I. Home Developing Corp. ("Plaintiff") asserts that the alleged revocation resulted in a deprivation of a constitutionally protected property interest and violated its rights to due process. Defendants John Weis, Chief Zoning Inspector of the Building Division of the Town of Brookhaven, Arthur Gerhauser, Chief Building Inspector, Building Department of the Town of Brookhaven, Zoning Board of Appeals of the Town of Brookhaven, Brenda A. Prusinowski, Deputy Commissioner of the Department of Planning, Environment and Land Management of the Town of Brookhaven, David Woods, Commissioner of the Department of Planning, Environment and Land Management of the Town of Brookhaven, The Department of Planning, Environment & Land Management of the Town of Brookhaven, and the Town of Brookhaven (collectively, "Defendants") move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, Rule 12(b)(1), Rule 12(d) or Rule 56. Plaintiff cross-moves to amend the Complaint pursuant to Rule 15.

For the reasons that follow, the Court (1) finds that it has subject matter jurisdiction over the subject dispute, (2) declines to convert Defendants' Rule 12(b)(6) motion to a motion for summary judgment pursuant to Rule 56, (3) denies Defendants' Rule 12(b)(6) motion, and (4) grants Plaintiff's cross-motion to amend its Complaint.

## BACKGROUND

Plaintiff is a corporation that owns a parcel of real property located at 16 Herkimer Street, Mastic, New York[1] (the "Property"). (Compl. ¶ 16.) The Property is located in

---

[1] In 2004, Plaintiff obtained title to real property that was listed as "14 Herkimer Street" but which in actuality was "16 Herkimer Street." (*Id.* ¶ 23.) On August 27, 2007, the Town corrected its records to reflect the proper address for the Property as "16 Herkimer Street." (*Id.*)

the Town of Brookhaven (the "Town"). (*Id.* ¶ 24.) Plaintiff purchased the Property in 2004. (*Id.* ¶ 13.)

Prior to the purchase, Plaintiff's predecessors in ownership appeared before the Zoning Board of the Town (the "Zoning Board") on November 3, 1982 and applied for a Certificate of Zoning Compliance[2] (the "Certificate"). (*Id.* ¶ 24.) Upon review, the Zoning Board determined that the application was for a preexisting, nonconforming use and granted the Certificate. (*Id.*) The Zoning Board issued the Certificate on November 15, 1982. (*Id.*) The Certificate stated:

> One story block building appx. 36.1 x 26.7 irreg. As per Zoning Bd. of Appeals grant 11/3/82, Case #14 located at W side Herkimer Street, Distance Corner S of Classon Avenue Village Mastic, State of New York, Map Mastic Park, Section 4 Lot 3558-3562 is presumed to conform substantially with Zoning Ordinances in effect at the time of construction for such stated use
> . . .
> Signed (illegible) Building Inspector.

(*Id.* ¶ 28.) The Certificate specified the premise's legal use as a public garage. (*Id.* ¶ 30.)

Pursuant to the Certificate, the building remained unchanged and was continuously used as an auto repair and service shop. (*Id.* ¶ 25.) From 1982 to the present, the Town adopted numerous ordinances which rezoned the Property for partial residential and partial business use. (*Id.* ¶ 27.) The public garage was located on the business portion of the Property. (*Id.*) Throughout this time, the Town permitted the owners of the Property to use the premises as a public garage pursuant to the Certificate. (*Id.* ¶ 28.)

From the time Plaintiff obtained title to the Property to the present, Plaintiff

---

[2]The Certificate of Zoning Compliance is the same as a "Certificate of Existing Use." (*Id.* ¶ 24.)

invested substantial sums of money to make nonstructural improvements in order to use it as an automotive facility for repairs, tire sales, body work and the like. (*Id.* ¶ 30.)

On June 20, 2007, John H. Weis, the Chief Zoning Inspector for the Town, sent a letter to Plaintiff revoking the Certificate for certain unspecified violations (hereinafter the "letter"). (*Id.* ¶¶ 31-33.) In the letter, Weis stated that the nonconforming use of the Property as a public garage was lost and informed Plaintiff that as owner of the Property he could make an application to the Board of Zoning Appeals to reinstate the nonconforming use. (*Id.* at ¶¶ 3, 5, 31-33.) Apart from the letter, Defendants gave Plaintiff no notice of the revocation nor did they provide Plaintiff with a hearing in connection with the revocation. (*Id.*)

Plaintiff commenced an Article 78 proceeding in Supreme Court, Suffolk County on August 1, 2007, seeking an injunction to prevent the Town from cancelling the Certificate or a declaration that Plaintiff had a vested right in a preexisting nonconforming use. (*Id.* ¶¶ 8, 35; Arntsen Decl., Ex. E.) On August 23, 2007, Plaintiff withdrew its pending Article 78 proceeding, and on October 2, 2007, Plaintiff commenced the instant action under 42 U.S.C. § 1983 ("Section 1983"). (Compl. ¶ 37.)

The Complaint asserts three claims. First, Plaintiff claims that it had a vested property interest in the Certificate issued by the Town, and Defendants violated Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution when they revoked Plaintiff's right to maintain a legal, nonconforming use of its property without notice and an opportunity to be heard. (Compl. ¶¶ 39-46.) Next, Plaintiff seeks attorney's fees pursuant to 42 U.S.C. § 1988. (*Id.* ¶¶ 47-50.) Finally, Plaintiff seeks declaratory and injunctive relief affirming that the prior Certificate was still in effect and still afforded Plaintiff the status of

a legal, nonconforming public garage and enjoining Defendants from taking any action against Plaintiff based upon the use of the premises. (*Id.* ¶¶ 51-58.)

Defendants now move to dismiss the Complaint under Rule 12(b)(6) or, in the alternative, Rule 12(b)(1), Rule 12(d) or Rule 56 on the grounds that (i) Plaintiff was not deprived of due process because there was no revocation of Plaintiff's property right to the Certificate; and (ii) even assuming arguendo that there was a revocation of a property interest, because Defendants subsequently retracted the revocation there is no longer an "actual controversy" pending before the Court. In addition, the Individual Defendants move to dismiss the claims against them in their individual capacities on the ground that they are entitled to qualified immunity.

Plaintiff now cross-moves to amend the Complaint pursuant to Rule 15 to add new facts in support of its existing claims. After outlining the applicable legal principles the Court will consider the merits of the motions.

## DISCUSSION

### I. Standard of Review

A complaint is subject to dismissal under Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The test is whether the plaintiff is entitled to offer evidence to support his claim, not whether he is ultimately likely to prevail. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). A court must liberally construe the claims and "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

5

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court recently addressed the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that *Twombly* does not require a universally heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). In other words, *Twombly* "'require[s] enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974). Although *Twombly* did not make clear whether the plausibility standard applies beyond the antitrust context, the Second Circuit

has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Commn's, Inc.*, 493 F.3d at 98 n.2.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must look to the allegations on the face of the complaint, but may also consider "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007); *Gillingham v. GEICO Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (noting that a court considering a motion to dismiss "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint") (internal quotation marks omitted). "A complaint should not be dismissed simply because a plaintiff is unlikely to succeed on the merits." *Petruso v. Schlaefer*, 474 F. Supp. 2d 430, 436 (E.D.N.Y. 2007) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## II.    *Extraneous Materials*

Defendants have presented to the Court additional materials outside the pleading relative to the merits of Plaintiff's claim. Defendants have submitted (1) an affidavit of Assistant Brookhaven Town Attorney Beth Ann Reilly and the exhibits annexed thereto[3], and (2) a reply declaration of David H. Arntsen and the exhibits annexed thereto, and have requested that this

---

[3]In particular, Defendants urge this Court to consider the post Article 78 litigation letter of the Assistant Brookhaven Town Attorney, Beth Ann Reilly, Esq., dated October 2, 2007 (the "Reilly letter"), as evidence that there was no revocation of Plaintiff's Certificate. (*See* Defs.' Mem. of Law, at 9-10; Defs.' Reply Mem. of Law, 1-4.) In the letter, Ms. Reilly informs Plaintiff's counsel that "I have advised both the Board of Zoning Appeals and the Building Division that the Certificate of Zoning Compliance for 'Usage as a Public Garage' is still valid and that John Weis' letter dated June 20, 2007 is of no force and effect." (Reilly Aff., dated January 30, 2008, Ex. D.)

7

Court consider these submissions and convert the instant motion to one for summary judgment pursuant to Rule 56. (Reilly Aff., dated January 30, 2008; Arntsen Reply Decl., dated May 9, 2008.) These materials are referred to in Defendants' briefs. Plaintiff has not submitted additional documents, except for one exhibit attached to its cross-motion to amend the complaint.

The Second Circuit has made clear that "[w]hen matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting materials." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted); *see Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (same). A district court, however, "is not obliged to convert a 12(b)(6) motion to one for summary judgment in every case in which a defendant seeks to rely on matters outside the complaint in support of a 12(b)(6) motion; it may, at its discretion, exclude the extraneous material and construe the motion as one under Rule 12(b)(6)." *United States v. International Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 450-51 (E.D.N.Y. 2007) (citing *Friedl*, 210 F.3d at, 83); *see Rice v. Kawasaki Heavy Indus., Ltd.*, 2008 WL 4646184, at * 2-3 (E.D.N.Y. Oct. 17, 2008) (same); *Axelrod v. Flannery III*, 476 F. Supp. 2d 188, 202 (D. Conn. 2007) (same)

At this stage in the litigation, the Court declines to convert Defendants' Rule 12(b)(6) motion into one for summary judgment given that discovery has not been completed

and an Answer has not been filed. Thus, with one exception,[4] the Court excludes from consideration the additional materials submitted by Defendants, including the affidavit, declaration, exhibits, and factual allegations in their legal memoranda and will decide Defendants' motion to dismiss pursuant to Rule 12(b)(6) on the Complaint alone and will draw all reasonable inferences from the facts alleged in the Complaint.

---

[4]The Court will consider the extraneous material proffered by Defendants solely for the purpose of resolving Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1).

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (internal citations and quotation marks omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see Schwamborn v. County of Nassau* , No. 06-CV-6528 (SJF), 2008 WL 4282607, at * 1 (E.D.N.Y. Sept. 16, 2008). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison v. National Australia Bank, Ltd.*, 547 F.3d 167, 170 ) (2d Cir. 2008); *see Snoussi v. Bivona*, No. 05-CV-3133 (RJD), 2008 WL 3992157, at *2 (E.D.N.Y. Aug. 22, 2008).

Relying on the Reilly letter as evidence that there was no revocation of Plaintiff's Certificate, Defendants argue that Plaintiff has failed to establish the existence of a justiciable controversy. According to Defendants, because the Reilly letter unequivocally stated that the Weiss letter was of no legal effect, the case is moot and the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. Short shrift can be made of Defendants' argument. While the Reilly letter may render certain items of relief sought by Plaintiff in its Complaint academic, the core constitutional issue remains whether Defendants deprived Plaintiff of prior notice and an opportunity to be heard before the Town's Chief Zoning Inspector revoked the Certificate for the subject property via the June 20, 2007 letter previously referenced in the text. Clearly, the author of that letter, Weiss, was a state actor. To suggest that the post Article 78 litigation letter of Reilly, dated October 2, 2007, may retroactively eradicate Plaintiff's properly pled § 1983 claim, while creative, is devoid of merit certainly for the interim period between the two letters and possibly longer depending on any concomitant harm sustained by Plaintiff.

### III. Section 1983 Claim

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. In order to state a cause of action pursuant to Section 1983, Plaintiff must allege injury by either a state actor or a private party acting under color of state law. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *Commodari v. Long Island Univ.,* 89 F. Supp. 2d 353, 372 (E.D.N.Y. 2000). A municipality and other local government units are "persons" subject to suit under Section 1983 for the deprivation of a constitutionally protected right. *See Monell v. New York City Dept. Social Servs.*, 436 U.S. 658, 690 (1978); *Town of Orangetown v. Magee,* 88 N.Y.2d 41, 48 (1996); *see also Alex LL. v. Department of Social Servs.*, 872 N.Y.S.2d 569 (3rd Dep't 2009).

In the land use context, Section 1983 "protects against municipal actions that violate a property owner's rights to due process . . . under the . . . Fourteenth Amendment[5] to the United States Constitution." *Bower Associates v. Town of Pleasant Valley*, 2 N.Y.3d 617, 627 (2004). Here, the injury Plaintiff claims to have suffered is the deprivation of the constitutional right to due process caused by Defendants' failure to provide notice or a hearing in connection with the revocation of its Certificate.

### (A) Due Process Claim

---

[5] The Fourteenth Amendment to the Constitution prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

Under Section 1983, "a due process claim must allege the deprivation of a constitutionally protected interest." *Bain v. Argyle*, 499 F. Supp. 2d 192, 195 (N.D.N.Y. 2007); *see Abramson v. Pataki,* 278 F.3d 93, 99 (2d Cir. 2002). To have a federally protectable property interest, "a person must have a legitimate claim of entitlement to it." *Abramson,* 278 F.3d at 99 (internal quotation marks and citation omitted). Thus, in order to establish a due process violation, a plaintiff must "first identify a property right, second show that the state has deprived [it] of that right, and third show that the deprivation was effected without due process." *Mehta v. Surles*, 905 F.2d 595, 598 (2d Cir. 1990); *see Shelter Inc. Realty v. City of New York*, 2007 WL 29380, at *10 (E.D.N.Y. Jan. 4, 2007) (same).

### *(1) Plaintiff Had A Constitutionally Protected Property Interest*

The existence of a protectable property right arises "when there is a legitimate claim of entitlement pursuant to State or local law." *Bower Associates v. Town of Pleasant Valley*, 761 N.Y.S.2d 64, 68 (2d Dep't 2003) (citing *Roth*, 408 U.S. at 577). It is well established in New York that "a nonconforming use that predates the enactment of a restrictive zoning ordinance is a vested right entitled to constitutional protection." *Norton v. Town of Islip*, 239 F. Supp. 2d 264, 270 (E.D.N.Y. 2003) (citing *Town of Somers v. Camarco*, 308 N.Y. 537, 541 (1955); *Keller v. Haller*, 641 N.Y.S.2d 380 (2d Dep't 1996)).

In the instant matter, it is undisputed[6] that Plaintiff had a vested property right in the nonconforming use of its premises as a public garage. Plaintiff obtained title to improved real property that had been used as a public garage prior to the enactment of certain rezoning

---

[6]Defendants state in their Memorandum of Law that for purposes of the instant motion, they do not dispute Plaintiff's claims that it has a vested right in its Certificate of Zoning Compliance. (*See* Defs.' Mem. of Law, at 5.)

ordinances in the Town. In 1982, the Town Zoning Board of Appeals granted Plaintiff's predecessor in ownership a Certificate of Zoning Compliance because the Property had satisfied the requirements for consideration of a preexisting nonconforming use. Upon obtaining title and in reliance of the Certificate, Plaintiff expended significant investments to make nonstructural improvements to the Property in order to continuously use the premises as an automotive facility. *Cf. Town of Orangetown v. Magee,* 88 N.Y.2d 41, 47 (1996) ("In New York, a vested right can be acquired when pursuant to a legally issued permit, the landowner demonstrates a commitment to the purpose for which the permit was granted by effecting substantial changes and incurring substantial expense to further the development."); *People v. Denham*, 345 N.Y.S.2d 918 (Suffolk Co. Dist. Ct. 1973) (holding that in the Town of Brookhaven a "certificate of existing use establishes a property right"). Which is to say, the first element is properly pled for Rule 12(b)(6) purposes and Defendants do not contend otherwise.

### (2) *Defendants Deprived Plaintiff Of A Protected Property Interest*

The parties disagree as to whether there was a deprivation of Plaintiff's protected property interest. Plaintiff contends that Defendants' revocation of its Certificate deprived Plaintiff of its right to maintain a legal nonconforming use of its property. Defendants argue that there was no revocation of Plaintiff's Certificate because the letter[7] from Chief Zoning Inspector

---

[7] In support of Defendants' motion, Defendants submit a copy of Chief Zoning Inspector Weis's letter, dated June 20, 2007. (Reilly Aff., dated January 30, 2008, Exh. C.) As previously discussed, in deciding a Rule 12(b)(6), a court is generally limited to considering the facts alleged in the complaint; however, a district court may also consider a document that is attached to, incorporated by reference in, or integral to the pleading. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). Courts apply this exception where, as here, a plaintiff sues primarily on the basis of the document but fails to attach the document to its complaint. *See International Audiotext Network, Inc. v. America Te. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995). Here, the letter is incorporated by reference and is clearly integral to Plaintiff's claim. The Court

Weis informing Plaintiff of the revocation was of no legal effect.

A review of the record indicates that the Town's Chief Zoning Inspector Weis, sent Plaintiff a letter dated June 20, 2007. (Compl. ¶¶ 3, 5, 31-33; Notice of Motion, dated February 1, 2008, Ex. C.) The letter was drafted on the official Town of Brookhaven, Long Island letterhead and listed, inter alia, the Chief Building Inspector Arthur Gerhauser. (*Id.*) In the subject line, the letter identified the "Certificate of Zoning Compliance #570" and the address of the property, "14 Herkimer St., Mastic, N.Y." (*Id.*) The letter stated:

> The above referenced Certificate of Zoning Compliance for the "Usage as a Public Garage" has lost its nonconforming use and can no longer be considered one. This determination was made [sic] several inspection of the site for various violations and at no time was the site being used as a Public Garage. As owner of the property you can make an application to the Board of Zoning Appeals and they can make a determination as to whether or not this usage can be reinstated.

(*Id.*)

In its Complaint, Plaintiff asserts that under the Brookhaven Town Code Section 85-16, "the Chief Building Inspector is a public officer, [and/]or his designees, and are charged with the necessary powers for the administration of the department and for the approval or revoking of Certificates of Occupancy or Zoning Compliance." (Compl. ¶ 20.) Plaintiff asserts that "upon information and belief, as Chief Zoning Inspector, Defendant, John Weis, is a public officer of the Town of Brookhaven, charged with the power and authority to administer and enforce the Town of Brookhaven's zoning ordinances." (*Id.* ¶ 21.) Further, Plaintiff alleges that "Arthur Gerhauser, is the Chief Building Inspector of the Town of Brookhaven, who is a public

---

will therefore consider it.

officer of the Town of Brookhaven, charged with the power and authority to issue Certificates of Occupancies, which, among other things, certify the permitted usages of buildings located within the town." (*Id.* ¶ 22.)

Defendants argue, however, that Section 85-16 of the Brookhaven Town Code[8] does not vest Zoning Inspectors with the authority to "decide the question of revocation." (Defs. Mem. of Law, at 6.) Rather, Defendants maintain that "while building [not zoning] inspectors are given general powers to 'administer and enforce this chapter,' and are given a specific power to *issue* a building permit' or 'certificate of occupancy' upon proof of compliance with the chapter provisions, they are not given a specific and unilateral power to revoke anything, much less a certificate of zoning compliance, which document is not mentioned in § 85-16." (*Id.*) (brackets and emphasis in original.) Defendants state that "Zoning Inspector Weis' letter may arguably have caused some confusion to" Plaintiff, but conclude "that it did not result in an actual revocation of the Certificate nor of the previously granted nonconforming use." (*Id.*) Defendants' argument is problematic at best.

On its face, the Weis letter sent to Plaintiff contains indicia of an official correspondence from the Town of Brookhaven, and an inference can be made therein that Weis had the authority to revoke the Certificate. The letter bears the official Town of Brookhaven

---

[8]The Town of Brookhaven Code, Section 85-16 provides:

> It shall be the duty of the Chief Building Inspector and/or his designee and he and/or his designee are hereby given the power and authority to administer and enforce this chapter. No building permit or certificate of occupancy shall be issued by him except where the provisions of this chapter have been complied with.

*Id.*

letterhead. It was signed by Zoning Inspector Weis and listed Arthur Gerhauser, Chief Building Inspector at the bottom of the page. The letter identified Plaintiff's Certificate and property and specifically advised that the Certificate had "lost its nonconforming use" and could "no longer be considered one." The letter further informed Plaintiff that it could make "an application to the Board of Zoning Appeals and they can make a determination as to whether or not this usage can be reinstated."

Under the circumstances, Plaintiff acted reasonably in believing that Weiss's letter represented the Town's position, assuming, arguendo, that its belief is relevant for present purposes. But beyond that, the accompanying notion that the purported ultra virus character of Weiss's action is somehow fatal to Plaintiff's claim has been advanced, not surprisingly, absent any supporting authority. Indeed, errant conduct by state actors is not atypical in § 1983 actions. In any event, at this stage of the litigation all inferences must be drawn in favor of Plaintiff vis-a-vis the allegations in its Complaint. So construed, Plaintiff's § 1983 action clearly passes muster for purposes of Defendants' Rule 12(b)(6) motion.

Moreover, this inference of impropriety created by the foregoing is bolstered by Defendants' alleged actions following the issuance of the letter. For example, the Complaint alleges that following the revocation, the Zoning Board of Appeals placed Plaintiff's previous pending application for a subdivision of the premises on hold until such time as the alleged violations in the June 20, 2007 letter were "cleared up." (Compl. ¶¶ 6-7.) Plaintiff also asserts that as a result of the letter, its repair shop could not obtain a renewal of its New York State Repair Shop License to operate its garage because "[t]he Town refused to produce the letter indicating the use was lawful." (Compl. ¶ 4.)

In short, the Complaint sufficiently alleges that (i) Plaintiff possessed a property right in the nonconforming use of the premises; (ii) Defendants revoked this property interest when Weis sent the letter, dated June 20, 2007; and as a result (iii) Defendants deprived Plaintiff of a protected property interest. *Cf. Norton*, 239 F. Supp. 2d at 271 (holding that the Town's issuance of a certificate of occupancy which revoked the former conditional use as a two-family dwelling "was an affirmative act revoking the prior property right in its nonconforming use, subject to a procedural due process challenge, despite defendants' claim that the right to conforming use expired years previously when the house remained unoccupied for one year, after being gutted by fire").

### *(3) Defendants Deprived Plaintiff Without Due Process*

The gravamen of Plaintiff's § 1983 claim is a denial of procedural due process. Accordingly, in reviewing the facial sufficiency of the Complaint, the Court has considered the facts as alleged against the law which pertains to the purported constitutional violation. If Plaintiff was not entitled to prior notice and a predeprivation hearing as a matter of law, arguably the Complaint would be subject to dismissal. However, as explained *infra*, such is not the case.

The Supreme Court has outlined three factors that a court must weigh in order to determine what procedural protections the Constitution requires:

> First, the private interest that will be affected by the official action ; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). "Applying this test, courts have usually held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty

or property." *Norton*, 239 F. Supp. 2d at 271 (emphasis in original); *see Zinermon v. Burch*, 494 U.S. 113, 132 (1990) ("In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking.").

Applying the *Matthews* factors to the instant matter, based on the allegations in the Complaint at least, it appears that the Due Process Clause did require Defendants to provide Plaintiff with predeprivation notice and an opportunity to be heard prior to revoking Plaintiff's Certificate. Plaintiff had a significant property interest in using its premises as a public garage. *Cf. Denham*, 345 N.Y.S.2d at 918. Moreover, while Defendants' decision to revoke Plaintiff's Certificate arose from "several inspection[s] of the site for various violations and at no time was the site being used as a Public Garage," (Notice of Motion, dated February 1, 2008, Ex. C), Plaintiff allegedly was neither apprised of the unspecified violations nor given an opportunity to present evidence to controvert the allegations, (Compl. ¶¶ 3, 5, 10). Such an opportunity would have avoided a potentially erroneous deprivation. *Denham*, 345 N.Y.S.2d at 918 (stating "[i]t would seem to this court that should the Chief Building Inspector [of the Town of Brookhaven] come upon some impropriety in the issuance of a certificate of existing use, he should conduct a hearing, or at least give a holder of such a certificate an opportunity to be heard on the merits").

Finally, Plaintiff alleges that its predecessors in ownership had appeared before the Zoning Board when it applied for a Certificate of Zoning Compliance for the subject premises. (Compl. ¶ 24.) To the extent that allegation means that Defendants held a hearing prior to the approval of the then nonconforming use application, it would seem not unduly burdensome for Defendants to hold a hearing prior to terminating a vested property right. *Cf. Norton*, 239 F.

17

Supp. 2d at 273 (observing that it "is simply not credible that the Town can hold these preapproval hearings for unestablished nonconforming uses, but cannot hold a hearing prior to terminating a vested property right that has already been officially recognized").

In summary, Plaintiff has properly pled a violation of its procedural due process rights. Accordingly, Defendants' motion to dismiss this claim is denied.

## IV. Qualified Immunity

The Individual Defendants move to dismiss the claims against them in their individual capacities pursuant to Rule 12(b)(6) on the basis that they are entitled to qualified immunity.

In its Memorandum of Law in Opposition, Plaintiff states that its claims against the Town employees are limited to their official capacities. (Pl.'s Mem. of Law in Opp'n, at 9.) In response, Defendants have advised the Court that in view of Plaintiff's statement that it "has named the Town actors only in their official capacities," (*id.*), the Defendants "withdraw their argument with regard to qualified immunity," (Defs.' Reply Mem. of Law, at unnumbered p. 4 ).

Accordingly, Defendants' motion to dismiss the claims against the Individual Defendants in their individual capacities on the ground that they are entitled to qualified immunity is moot.

## V. Plaintiff's Cross-Motion to Amend

Plaintiff cross-moves to amend its Complaint pursuant to Rule 15 in order to add an additional allegation in support of its existing claims. Specifically, Plaintiff seeks to include an allegation that Defendants initiated a criminal proceeding against Plaintiff with the service of an appearance ticket, purportedly for the violation of "No certificate of occupancy." (Proposed Am.

Compl., ¶ 10.) Defendants do not oppose the cross-motion. (Defs.' Reply Mem. of Law, at 2.)

Fed. R. Civ. P. 15(a)(1)(A) provides that "[a] party may amend . . . [its] pleading once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). Under Fed. R. Civ. P. 7(a), a motion is not a responsive pleading within the meaning of Rule 15(a). Fed. R. Civ. P. 7(a); *see Lopez-Salerno v. Hartford Fire Ins. Co.*, 1997 WL 766890, at *1 (D. Conn. Dec. 8, 1997) ("a motion filed in opposition to a pleading is not a responsive pleading within the meaning of Rule 15(a)"). Plaintiff's original complaint was opposed by the motions herein. Thus, because none of the Defendants have filed a responsive pleading in this case, Plaintiff may amend its Complaint as a matter of course.

Accordingly, Plaintiff's cross-motion to amend its Complaint is granted.

## *CONCLUSION*

For the foregoing reasons, Defendants' motion to dismiss is denied, and Plaintiff's cross-motion to amend the Complaint is granted.

**SO ORDERED**

Dated: Central Islip, NY
March 31, 2009

/s_____
Denis R. Hurley,
United States District Judge